**BROTHERHOOD OF RAILROAD TRAIN-MEN v. HAYES et ux.**

**No. 10604.**

Court of Civil Appeals of Texas. San Antonio.

June 14, 1939.

Rehearing Denied July 19, 1939.

Henry, Bickett & Bickett, of San Antonio, for appellant.

Carter & Lewis, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by John S. Hayes and wife, Mattie E. Hayes, as plaintiffs, against Brotherhood of Railroad Trainmen, a fraternal benefit insurance association, seeking to recover the sum of $1875, together with interest and attorney's fees, alleged to be due the plaintiffs upon Certificate No. 156586, issued to John S. Hayes by defendant, it being alleged that these sums were payable to John S. Hayes when he became seventy years of age.

The cause was submitted to a jury, upon two special issues, who by their answers made the following findings:

1. That John S. Hayes was seventy years of age on February 11, 1933.

2. That the Brotherhood waived the provision of the contract which provided that the certificate of insurance became null and void if the statements and answers in plaintiff's application as to plaintiff's age were untrue and incomplete.

Upon these findings judgment was rendered allowing John S. Hayes full recovery upon his certificate of insurance, including interest and attorney's fees. From this judgment the Brotherhood of Railroad Trainmen has prosecuted this appeal.

Appellant's first assignment of error presents the contention that the trial court committed error in not granting its request for an instructed verdict, because the overwhelming weight and preponderance of the evidence showed that John S. Hayes ceased paying dues on his certificate long prior to the time when he became seventy years of age.

The evidence conclusively shows that John S. Hayes became seventy years of age on February 11, 1933, and that he paid his dues until July 1, 1933. Thus it could not possibly be said that he did not pay his dues until he reached the age of seventy years. Appellant's real contention seems to be, that in an application Hayes gave his age as being a certain number of years, which if true he was not seventy years of age on July 1, 1933; and that he is now estopped to claim that his age is different from that stated in this application. We overrule this contention. It is shown that Hayes belonged to a number of different local chapters, and that each time he joined a new local chapter he was required to sign a new application for insurance. He testified that the first one of these applications he signed he gave his correct age, but, thinking that it was to his advantage to hold his age down, inasmuch as the railroads did not employ men past forty-five years of age, he stated his age to be younger than he really was in each subsequent application. The jury found that the society waived the provision of the contract which provides that the certificate of insurance would become null and void if the statements and answers in his application as to his age were untrue. There is no attempt made to set this finding aside, and under the provisions of § 6, Art. 2202, R.C.S.1925, such finding is conclusive. Therefore, Hayes was not estopped to assert his true age.

Complaint is made of the action of the court in permitting evidence to be introduced to the effect that it was a general custom among railroad men to give their ages as younger than they really were. The evidence was admissible to show the circumstances under which the false statement of his age had been made. It would be immaterial whether the society knew of the custom or not.

The judgment is affirmed.